UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LISA HUDDLESTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07-CV-00183 SNL |
| | ) |
| BAUMFOLDER CORPORATION, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM

Now before the Court is Defendant's motion in limine regarding Plaintiff's designated liability expert (Doc. #38, filed Jan. 28, 2008). For the reasons stated herein, Defendant's motion is **HEREBY GRANTED IN PART** and **DENIED IN PART**.

Pursuant to the parties' amended case management order (Doc. #9, filed May 22, 2007), Plaintiff's expert witnesses' identities and reports were to be disclosed no later than August 1, 2007. On June 29, 2007, Plaintiff filed its expert witness disclosure relating to James Kenneth Blundell, Ph.D., which set forth that Dr. Blundell may be called to testify as regards the "defective and unreasonably dangerous condition of the subject drill press at the time of Plaintiff's injury and the liability of Defendant." (Doc. #38 ex. A.)

The parties' pretrial disclosures, due not less than twenty (20) days prior to trial, indicated Plaintiff's intention to call Dr. Blundell as a trial witness (Doc. #21, filed Jan. 21, 2008). Plaintiff further stated that she *may* offer into evidence Dr. Blundell's report and deposition testimony (Doc. #22, filed Jan. 21, 2008). Defendant now moves to limit certain portions of this evidence.

### *LEGAL STANDARD*

This Court "has broad discretion in the matter of the admission or exclusion of expert evidence." *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962); *accord Anderson v. Raymond Corp.*, 340 F.3d 520, 523 (8th Cir. 2003). "[D]oubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility." *Williams v. Wal-Mart Stores, Inc.*, 922 F.2d 1357, 1360 (8th Cir. 1990); *Larabee v. MM & L Int'l Corp.*, 896 F.2d

1112, 1116 n. 6 (8th Cir. 1990) (internal citation omitted). The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the Supreme Court's opinion in *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

Under the rules of evidence, an expert witness is permitted to testify in regards to "scientific, technical, or other specialized knowledge" if it serves to "assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. Contrary to that of an ordinary witness, the testimony of a qualified expert is not limited to opinions based on first hand knowledge or observation. *Compare* FED. R. EVID. 701 *with* FED. R. EVID. 702. Therefore, in order to adhere to "the common law insistence upon 'the most reliable sources of information,' " courts must assess a purported expert's basis for the opinion he seeks to provide. *See* FED. R. EVID. 602 advisory committee's note (citation omitted).

Under the *Daubert* framework, courts apply FRE 702 by determining whether the expert testimony is both relevant and reliable. This is a three-step analysis: (1) "the witness must be qualified as an expert by knowledge, skill, experience, training, or education;" (2) "the expert's reasoning or methodology underlying the testimony must be scientifically reliable;" and (3) "the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702; *Daubert*, 509 U.S. at 592-93.

With these principles in mind, the Court turns to an examination of the facts.

## *ANALYSIS*

Defendant first seeks to exclude Dr. Blundell's opinion "that Plaintiff's accident would not have occurred if there had been a guard covering the moving parts of the drive shaft of the Subject Drill at issue in this case." Here, Defendant states that testimony relating to this matter would be "duplicative and wholly unnecessary" in that the parties have jointly stipulated that "[i]f there would have been a guard covering the moving parts ... it would have prevented the scalp injury ..." (Doc. #28 at ¶13, filed Jan. 22, 2008.)

"The primary purpose of entering into a stipulation is 'to dispense with proof over matters not in issue, thereby promoting judicial economy at the convenience of the parties.' " *U.S. v. Lentz*, 419 F.Supp.2d 843, 844 (D.Va. 2006) (quoting *United States v. Montgomery*, 620 F.2d 753, 757 (10th Cir. 1980) (citing 9 J. WIGMORE, EVIDENCE §§ 2588-2597 (3d ed. 1940)). Therefore, joint stipulations as to certain facts " '. . . are equivalent of proof and . . . neither party

2

will be heard to suggest that the facts were other than as stipulated.' " *Lentz*, 419 F.Supp.2d at 844-45 (quoting *United States v. Campbell,* 453 F.2d 447, 451 (10th Cir. 1972)).  *See United States v. Technic Services, Inc.*, 314 F.3d 1031, 1045 (9th Cir. 2002) ("Stipulations freely and voluntarily entered into in criminal trials are as binding and enforceable as those entered into in civil actions.").

However, joint stipulation of a material fact does not end the inquiry.  "All relevant evidence is admissible, FED. R. EVID. 402; unless the court determines that its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence," FED. R. EVID. 403. The relevancy of evidence is unaffected by the availability of alternative proofs.[FN1]

> **FN1**.  "The fact to which the evidence is directed need not be in dispute. While situations will arise which call for the exclusion of evidence offered to prove a point conceded by the opponent, the ruling should be made on the basis of such considerations as waste of time and undue prejudice (*see* Rule 403), rather than under any general requirement that evidence is admissible only if directed to matters in dispute." FED. R. EVID. 401 advis. comm. note (1972).

Here, Dr. Blundell's report and deposition testimony substantially set forth that "[h]ad such a guard been present on the machine on the day of the accident, then Ms. Huddleston would not have been injured." (Doc. #38 ex's A & B.)  While the Court acknowledges the need to conserve judicial resources, and agrees that the parties' stipulation substantially embraces the testimony Defendant wishes to exclude, the subject testimony regarding Plaintiff's injury and the surrounding circumstances goes to the very heart of Plaintiff's complaint.  Furthermore, permitting Dr. Blundell to testify about everything except his ultimate conclusion may grossly undermine his credibility.  Accordingly, Defendant's request is denied.

Next, Defendant seeks to exclude Dr. Blundell's opinion "that the Subject Drill was defective because it lacked a quick stop device" in that it is irrelevant , unfounded, and would result in the jury's confusion and a waste of time.

According to the Case Management Order, the parties were required to make a *Daubert* Challenge prior to October 10, 2007, or it would be waived.  (Doc. #7: 2, filed Mar. 8, 2007.) The Court is unaware of any just cause as to why Defendant filed the instant motion more than

three months after the deadline. Accordingly, the Court finds this evidence, first made available to Defendant in June of 2007, admissible.

Lastly, Defendant seeks an order limiting Dr. Blundell's testimony and/or other evidence to that contained in his report and/or deposition in that Plaintiff has in no way amended and/or supplemented her initial disclosures regarding the same. Therefore, Defendant urges, the Local and Federal Rules require Plaintiff be precluded from offering any undisclosed testimony or documents.

The Federal Rules require the disclosure of expert witnesses be accompanied by a written report, signed and prepared by such witness, containing "a complete statement of all opinions the witness will express and the basis and reasons for them." FED. R. CIV. P. 26(a)(2)(B). This "certain basic information [] is needed in most cases to prepare for trial or make an informed decision about settlement," FED. R. CIV. P. 26 advis. comm. n. (1993); and pertains to both witnesses and documents that a party intends to use, or may use "if the need arises,"FED. R. CIV. P. 26 advis. comm. n. (2000). These disclosure requirements were intended to afford "opposing parties [] a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." FED. R. CIV. P. 26 advis. comm. n. (1993).

Furthermore, all information included in the report and/or during the expert's deposition must be amended or supplemented by pre-trial disclosure deadlines. FED. R. CIV. P. 26(e)(2). Failure to disclose or supplement will result in the exclusion of such evidence, unless it is substantially justified or harmless. FED. R. CIV. P. 37(c)(1). This threat of exclusion "provides an incentive for full disclosure; namely, that a party will not ordinarily be permitted to use on direct examination any expert testimony not so disclosed." FED. R. CIV. P. 26 advis. comm. n. (1993).

Here, Defendant avers that Plaintiff has not supplemented Dr. Blundell's deposition testimony or report since her initial disclosure, and that Dr. Blundell previously testified that his report accurately reflected his opinions regarding the case. Accordingly, all evidence relating to Dr. Blundell's opinion shall be limited to the information contained in his deposition and report.

Dated this 5th day of February, 2008.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**